**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                  :
JAMES C. MARLIN,                  :
                                  :   Civil Action No. 11-776 (MLC)
              Petitioner,         :
                                  :         O P I N I O N
         v.                       :
                                  :
STATE OF NEW JERSEY,              :
                                  :
              Respondent.         :
                                  :
```

It appearing that:

1. On February 14, 2011, the Clerk received from Petitioner, an inmate incarcerated at Northern State Prison in New Jersey, a nine-page typed letter addressed to Chief Judge Garrett E. Brown, Jr., regarding State v. James C. Marlin, New Jersey Indictment No. 05-12-1564-I. Petitioner labeled the letter as "**NOTICE TO INFORM THE FEDERAL COURT(S) OF THE VIOLATIONS OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS**." (Docket Entry #1, p. 1.) Petitioner states in the letter that he is "inform[ing] the courts of the said on going violations of the defendant's constitutional rights within this said matter . . . . If in fact this Court chooses to accept this letter within the form of a **PETITION FOR HABEAS CORPUS**, then the defendant will not reject to such acceptions [sic] from this court." (Id.) Petitioner thereafter filed a one-page letter referencing the notice of the assignment of this matter to the undersigned in which he asks whether further information is required. (Docket Entry #3.)

2.  A prisoner in custody pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, is permitted to file one petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the appropriate district court.[1]  Prisoners challenging the legality of their detention pursuant to the judgment of a State court must include in this one all-inclusive § 2254 petition all available federal grounds to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).

3.  Absent extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed by the district court.  See 28 U.S.C. § 2244(b).

4.  A district court also may not grant a writ of habeas corpus under § 2254 to a person in custody pursuant to a state

---

[1] Section 2254(a) of Title 28 provides in relevant part:

(a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

judgment unless the petitioner has exhausted the remedies available in the courts of the State or, in extremely limited circumstances, exhaustion is excused by 28 U.S.C. § 2254(b)(1)(B). See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The Exhaustion Doctrine requires a petitioner challenging custody pursuant to a New Jersey judgment of conviction to fairly present the factual and legal basis of every federal ground to all three levels of the New Jersey courts (the Law Division and the Appellate Division of the Superior Court of New Jersey, and the New Jersey Supreme Court) before raising those grounds in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).[2]

---

[2] "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim". Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845.  Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). The Supreme Court imposed "a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Id. at 274.

5. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules governing this Court require a § 2254 petition to specify the judgment being challenged, specify the federal grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and follow the form appended to the rules. See 28 U.S.C. § 2254 Rule 2(c) & (d); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).[3]

6. Local Civil Rule 81.2(a) requires a pro se § 2254 petition to be on the current § 2254 form supplied by the Clerk. See L.Civ.R. 81.2(a); AO 241 (Rev. 10/07) at http://www.njd.uscourts.gov/ProSe/2254.pdf (accessed Mar. 7, 2011).

---

[3] Habeas Rule 2 provides:

(c) **Form.**  The petition must:

   (1) specify all the grounds for relief available to the petitioner;

   (2) state the facts supporting each ground;

   (3) state the relief requested;

   (4) be printed, typewritten, or legibly handwritten; and

   (5) be signed under penalty of perjury . . .

(d) **Standard Form.**  The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.

28 U.S.C. § 2254 Rule 2(c), (d).

7.  Habeas Rule 4 requires a District Judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.[4]  Vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court.  See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

8.  It is not clear whether Petitioner desires Docket Entry #1 to be his one and only all-inclusive § 2254 petition challenging the conviction as to New Jersey Indictment No. 05-12-1564-I.  To the extent that Petitioner intended Docket Entry #1 to be his one and only § 2254 petition challenging this conviction, then this Court will summarily dismiss same as deficient in form pursuant to Habeas Rule 4 because:

    A.  It is not on the § 2254 form supplied by the Clerk, as required by Local Civil Rule 81.2(a);

---

[4] See also Mayle, 545 U.S. at 655 ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading").

5

    B.  It does not specify the federal grounds for relief and state the facts supporting each ground, as required by Habeas Rule 2(c)(1) and (2);

    C.  It does not state the relief requested, as required by Habeas Rule 2(c)(3).

    9.  The dismissal of Docket Entry #1 is without prejudice to the filing of Petitioner's one all-inclusive § 2254 petition on the § 2254 form provided by the Clerk.[5]

    10.  This Court will deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because jurists of reason would not find it debatable that dismissal of the Petition without prejudice is correct.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[5] The current § 2254 form, which the Clerk will provide to Petitioner, requires petitioners to specify the proceedings in which each ground was presented to all three levels of the state court system.  Plaintiff is expressly directed to complete the entire form, including those portions of the form which require the petitioner to show that each ground for relief was exhausted. In addition, if this Court orders Respondents to answer the amended petition, then in accordance with Habeas Rule 5, this Court will order Respondents to provide the record of the state court proceeding, including relevant transcripts.  Petitioner is therefore directed not to attach exhibits.

debatable whether the district court was correct in its procedural ruling").

  11. The Court will issue an appropriate Order.


               s/ Mary L. Cooper
              **MARY L. COOPER**
              United States District Judge

Dated: March 10, 2011